IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GERALD WAYNE McCAIN                                                    PLAINTIFF

VS.                                                CIVIL ACTION NO. 3:11cv635-FKB

JAMES BURKE, ET AL.                                               DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. McCain is proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court is the Motion for Summary Judgment filed by Wexford Health Sources [55] and related filings. Wexford Health Sources is the contract healthcare provider for inmates at Central Mississippi Correctional Facility ("CMCF").[2] Plaintiff has not responded to the Motion for Summary Judgment.[3] For the reasons explained in this Memorandum Opinion

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] The Court previously dismissed McCain's claims against the Christopher Epps, Commissioner of the Mississippi Department of Corrections ("MDOC"). [50]. Two individual defendants, James Burke and Tom Applegate, remain unserved, and they allegedly worked at CMCF during the relevant time period. Burke is no longer employed by MDOC. [23] at 4. According to the MDOC, at the time of attempted service, Applegate was an employee of Wexford. [23] at 5, 8. By separate order, the Court will address Plaintiff's claims against Burke and Applegate.

[3] The Motion for Summary Judgment [55] and related filings were filed on May 22, 2013. According to the Local Uniform Civil Rules, McCain's response was due on or about June 10, 2013, but he failed to file any response by that deadline. On February 20, 2014, Plaintiff filed a

and Order, the Court denies Wexford's Motion for Summary Judgment.

## I.  Plaintiff's Claims

As stated in the Court's prior opinion [50] in this case, Plaintiff is a convicted inmate who, at all times relevant to the claims in this action, was housed at CMCF.  Plaintiff alleges that Defendants have denied him adequate medical care subsequent to the surgical removal of his large intestine or colon, resulting in a colostomy.  In his vaguely worded complaint, he alleges that Defendants have denied him adequate medical, sanitation, and disposal supplies to care for himself. [1]. He also alleges that Defendants should provide him with artificial intestines. [1] at 4. Plaintiff seeks a declaratory judgment stating that Defendants' actions are unconstitutional, injunctive relief granting needed supplies and artificial intestines, or alternatively, release from MDOC custody and compensatory damages.  Id.

In response to a Court Order [9], McCain stated that Defendants "violated[] and continue to violate [his] constitutional rights by operating with a customary practice that constitutes a policy of being deliberately indifferent to serious medical needs.  This practice is due to budgetary concerns, not medical concerns, and is contrary to MDOC's written policy."  [12] at 1.

McCain was given an opportunity to elaborate upon his claims at the omnibus hearing held in this matter. [55-1]. The Court construes his testimony as a part of his complaint.  McCain related that he would like artificial intestines and described in detail the various sanitation supplies he needs to care for his colostomy, such as garbage bags, soap, gauze, tissue, tape,

---

Motion for Extension of Time to respond to the Motion for Summary Judgment.  In an abundance of caution, on February 24, 2014, the Court granted him an extension until March 3, 2014.  Again, McCain did not file a response. On March 17, 2014, McCain filed a Motion for Additional Time [62] asking for an additional thirty (30) days to respond to the Motion. The Motion is hereby denied.

sticky pads, glue, and alcohol pads. He alleged that Defendants inconsistently provided him with sanitation supplies to care for his colostomy since it was performed in February 2006, but that he was receiving sufficient sanitation supplies on a weekly and bi-weekly basis at the time of the omnibus hearing in August 2012. [55-1] at 19-22. He also testified that, in the three years prior to the omnibus hearing, he received supplies on a monthly basis, but the supplies were insufficient for his needs. Id. at 22.[4] Finally, McCain stated that he had sued Wexford Health Sources because the company's customary practice "constitutes a policy of deliberate indifference based on budgetary concerns and not medical concerns." Id. at 18.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 629, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." Lemoine, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.

---

[4]McCain's "Drill Down Detail Report," provided by Defendants at the omnibus hearing, indicates that from February 2006 (about the time of his colostomy) to November 2007, McCain was housed at South Mississippi Correctional Facility and was at various times sent on "medical release" to Central Mississippi Correctional Facility ("CMCF"). From November 2007 to the end of the records on April 15, 2011, McCain was housed at CMCF.

1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence.  Little, 37 F.3d at 1075.

### III.  Discussion

Turning to Wexford's Motion for Summary Judgment, the Court has reviewed the filings of record and considered Plaintiff's testimony at the omnibus hearing, and it finds that there is a genuine dispute as to the material facts in this case.  Plaintiff alleges that Defendant, in customary practice, was deliberately indifferent to his serious medical needs.  Although Defendant Wexford has presented voluminous medical records, as well as an affidavit in support of its motion for summary judgment, there are significant chronological gaps in the medical records regarding the provision of colostomy supplies and other medical care for Plaintiff.  The chronological gaps in the records, therefore, create a genuine dispute as to the material facts relevant to whether Wexford was, in practice or custom, deliberately indifferent to his serious medical needs.  Accordingly, for these reasons, the Motion for Summary Judgment is denied.

### IV.  Conclusion

Thus, for the reasons explained above, the Court denies Wexford's Motion for Summary Judgment [55].  By separate order, the Court will set this matter for a bench trial on Plaintiff's claims against Wexford.

SO ORDERED, this the 31st day of March, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE